IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| MAURICE MORRIS-BEY, Executor Maurice Morris Estate, and WESLEY HARRIS-BEY, Trustee M.M.M.B. International Irrevocable Trust,<br><br>    Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA,<br><br>    Defendant. | No. 11-2999-JTF-dkv |

---

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

---

On November 8, 2011, Maurice Morris-Bey, as executor for the estate of Maurice Morris, and Wesley Harris-Bey, as trustee for the M.M.M.B. International Irrevocable Trust, filed a *pro se* Affidavit of Truth in Support of Complaint for Commercial Fraud on Negotiable Instrument naming Bank of America National Bank as a defendant. (Compl., D.E. 1.) The property that is the subject of the complaint is 3161 Highmeadow, Memphis, Tennessee. (*Id*. at 2.) Morris-Bey also filed a motion for leave to proceed *in forma pauperis.* (Mot. to Proceed IFP, D.E. 2.) The motion to proceed *in forma pauperis* was not ruled on, and as a result, no summons was ever issued.

On January 18, 2013, the defendant, Bank of America, filed a motion to dismiss the complaint filed against it for failure to prosecute and based on the unauthorized practice of law by Morris-Bey. According to the certificate of service, the plaintiffs were served with the motion on January 18, 2013. By order dated

March 25, 2013, this case was referred to the United States Magistrate Judge for management and determination of non-dispositive motions and report and recommendation on dispositive motions.

The plaintiffs failed to timely respond to Bank of America's motion to dismiss. By order dated March 26, 2013, the plaintiffs were ordered to show cause within 14 days why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and why the defendant's motion should not be granted.[1] The plaintiffs failed to respond to the show-cause order. For the reasons that follow, it is recommended that this case be dismissed for failure to prosecute.

This is one of three cases filed by Morris-Bey and Harris-Bey on November 8, 2011. On that day, Maurice Morris-Bey, as executor for the estate of Maurice Morris, and Wesley Harris-Bey, as trustee for the M.M.M.B. International Irrevocable Trust, filed an identical *pro se* Affidavit of Truth in Support of Complaint for Commercial Fraud on Negotiable Instrument against Bank of America National Bank and PRLAP, Inc., Ex-Trustee, as defendants. Complaint, *Morris-Bey and Harris-Bey v. Bank of America and PRLAP, Inc.*, No. 11-2998-STA-cgc (W.D. Tenn.), ECF No. 1. The property that was the subject of that case was 2889 Flowerwood, Memphis, Tennessee. Complaint at 2, *Morris-Bey and Harris-Bey v. Bank of America and PRLAP, Inc.*, No. 11-2998-STA-cgc, ECF No. 1. Morris-

---

[1] On March 29, 2013, the order to show cause was returned to the Clerk's office as undeliverable and resent to a forwarding address.

2

Bey also filed an identical motion for leave to proceed *in forma pauperis*. (Motion to Proceed In Forma Pauperis, *Morris-Bey and Harris-Bey v. Bank of America and PRLAP, Inc.*, No. 11-2998-STA-cgc, ECF No. 2. In that case, by order dated April 23, 2012, nearly one year ago, the court denied Morris-Bey's motion to proceed *in forma pauperis* and ordered the payment of the civil filing fee within thirty (30) days.[2] Order Denying Leave to Proceed In Forma Pauperis, Directing Plaintiffs to Pay the Civil Filing Fee, and Order Directing Plaintiffs to Retain Counsel, *Morris-Bey and Harris-Bey v. Bank of America and PRLAP, Inc.*, No. 11-2998-STA-cgc, ECF No. 7. In that same order, the court determined that Morris-Bey could not proceed *pro se* on behalf of the estate of Maurice Morris, and Harris-Bey cannot sue on behalf of M.M.M.B. International Irrevocable Trust because a *pro se* litigant can only represent his own interests and not that of another person or an artificial entity.[3] *See* Order at 2-3, *Morris-Bey and Harris-Bey v. Bank of America and PRLAP, Inc.*, No. 11-2998-STA-cgc, ECF No. 7; and cases cited therein. The plaintiffs failed to pay the filing fee and failed to retain counsel, and, accordingly, the court dismissed the lawsuit for failure to prosecute. (Order of Dismissal, *Morris-Bey v. Bank of America*, No. 11-2998-STA-cgc (July

---

[2] On March 1, 2012, Morris-Bey was also denied leave to proceed *in forma pauperis* in the third case filed on November 8, 2011. (*Maurice Morris-Bey, Executor, et al., v. Bank of America, et al.*, No. 11-3000-SHM-dkv (W.D. Tenn.).

[3] Morris-Bey was also ordered to retain counsel in Case No. 11-3000.

3

25, 2012), ECF No. 8.[4]

In this case, Morris-Bey was on notice that he could not proceed *in forma pauperis*, having twice been denied; that he could not represent the estate of Maurice Morris; and that Harris-Bey could not represent M.M.M.B. International Irrevocable Trust, having been so advised by two separate orders. Because Morris-Bey and Harris-Bey are not attorneys, they have no authority to file a complaint on behalf of the estate of Maurice Morris or on behalf of M.M.M.B. International Irrevocable Trust in this case as well, and they have failed to retain counsel for the estate of Maurice Morris and M.M.M.B. International Irrevocable Trust. In addition, they have failed to respond to the show-cause order, and they have failed to keep the court advised of their current addresses.

For these reasons, it is recommended that this case be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this 16th day of April, 2013.

                                       s/Diane K. Vescovo
                                       DIANE K. VESCOVO
                                       UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

    [4] Case No. 11-3000 was also dismissed for failure to prosecute.